IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PHYLLIS ROBINSON and
SYLVESTER ROBINSON                                          PLAINTIFFS

v.                              No. 4:20-cv-463-DPM

TRAVIS THOMAS and AMERICAN
NATIONAL COUNTY MUTUAL
INSURANCE COMPANY                                           DEFENDANTS

ORDER

**1.** Phyllis Robinson and Travis Thomas got in a car wreck in 2014 in Pine Bluff, Arkansas. The Robinsons had automobile insurance with American National at the time. There was underinsured coverage. The Robinsons want compensation from Thomas, with American National covering whatever damages he can't, plus a 12% statutory penalty and attorney's fees. American National seeks partial summary judgment on the choice of law and whether the Robinsons are entitled to the penalty and fees. The Court takes the material facts, where genuinely disputed, in the Robinsons' favor. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

**2.** American National says Texas substantive law governs this action; the Robinsons don't disagree. Texas has the most significant relationship with the insurance contract. *Hoosier v. Interinsurance Exchange of the Automobile Club*, 2014 Ark. 524, 4–5, 451 S.W.3d 206, 209–

10 (2014).  The American National policy was issued in Texas;  the Robinsons—now Tennesseans—were Texans at the time the policy was issued and at the time of the accident;  American National is a Texas company incorporated under Texas law;  and the policy contemplates application of Texas law.  Texas substantive law applies.

**3.**  Now, the fighting issue.  Arkansas law imposes a 12% penalty and attorney's fees against insurers that decline to pay their insureds' loss claims.  See ARK. CODE ANN. § 23-79-208(a)(1), which is in the margin.*  The Arkansas Supreme Court has held that this statute is procedural, and thus may apply even though Texas substantive law governs, *Ferrell v. West Bend Mutual Insurance Co.*, 393 F.3d 786, 796–97 (8th Cir. 2005), provided there's a sufficient connection between the

---

\*      In all cases in which loss occurs and the cargo, property, marine, casualty, fidelity, surety, cyclone, tornado, life, accident and health, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

ARK. CODE ANN. § 23-79-208(a)(1).

Robinsons' insurance policy and Arkansas, *USAA Life Insurance Co. v. Boyce*, 294 Ark. 575, 579–80, 745 S.W.2d 136, 138 (1988).

American National says there isn't a sufficient connection. It argues that the Robinsons were out-of-state residents with an out-of-state policy, and the only connection to Arkansas isn't enough under the precedent. The Robinsons disagree. They argue that the location of the accident, Thomas's residency at the time, and the fact that the policy will mature here if the jury finds that the Robinsons' damages exceed Thomas's coverage establish a sufficient connection to the state.

The Court concludes that this issue is unripe. The current connections establish that jurisdiction and venue are proper in this state and before this Court, but "something more" is needed to assess the statutory penalty. *Boyce*, 294 Ark. at 579, 745 S.W.2d at 138. If the policy does mature in Arkansas, the Robinsons may have the better of this argument. *Aetna Casualty & Surety Co. v. Simpson*, 228 Ark. 157, 166–67, 306 S.W.2d 117, 123 (1957). But maturity is murky at this point. The parties dispute where exactly the policy will mature — Arkansas, Texas, or Tennessee. Plus, maturation seems hypothetical: there's no excess judgment against Thomas yet. Given the present uncertainties about maturation, the Court declines to address the availability of the penalty and fee now.

\* \* \*

American National's motion for partial summary judgment, *Doc. 33*, is partly granted and partly denied.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

3 December 2020